The Honorable Scott Sullivan State Representative 109 Long Meadow Drive DeQueen, Arkansas 71832-9740
Dear Representative Sullivan:
I am writing in response to your request for an opinion concerning actions brought by the "Sevier County Farmers' Cooperative" in the "Small Claims Division" of district court. You recite the following information and pose the following question:
 In the past, the Co-op has represented [itself] in Small Claims Court. Many times, these claims are for $100, $500, etc. and the Co-op has not hired an attorney because after paying an attorney, there wouldn't be any point of pursuing the claims. Recently, however, they have been told that each claim must be prepared by an attorney and represented in court by an attorney. The reason for this is that they are a corporation having three or more stockholders. Each of their stockholders (there are approximately 3000 to 4000) have a share of common stock worth $5.00. It never appreciates in value. Each holder of a share in entitled to receive an annual dividend based upon his or her purchase.
 The Sevier County Farmers' Cooperative would like to continue to represent [itself] in Small Claims Court. Would this be possible?
RESPONSE
I am statutorily prohibited from the private practice of law and as such, cannot offer legal advice to private corporations. See A.C.A. §25-16-701. I can direct you, however, to the pertinent Arkansas Supreme Court Administrative Order governing the issue you raise. Officials of the Co-op may wish to discuss the applicability of this Order to the facts surrounding the Co-op with private counsel of its choosing.
Arkansas Supreme Court Administrative Order No. 18, which is entitled "Administration of District Courts," provides in pertinent part as follows:
 (a) Restriction on participation by attorneys. No attorney-at-law or person other than the plaintiff and defendant shall take part in the filing, prosecution, or defense of litigation in the small claims division. When any case is pending in the small claims division of any district court and the judge of the court determines that an attorney is representing any party in the case, the case shall immediately be transferred to the civil docket. However, it is not the intention of this provision and this provision shall not be construed, to abridge in any way the rights of persons to be represented by legal counsel.
 (b) Entities restricted from bringing actions. No action may be brought in the small claims division by any collection agency, collection agent, or assignee of a claim or by any person, firm, partnership, association, or corporation engaged, either primarily or secondarily, in the business of lending money at interest. "Credit bureaus and collection agencies", by definition, shall include those businesses that either collect delinquencies for a fee or are otherwise engaged in credit history or business.
 (c) Actions by and against corporations. (1) Corporations, other than those identified in subsection 4(b) of this administrative order, which are organized under the laws of this state and which have no more than three stockholders or in which eighty-five percent or more of the stock is held by persons related by blood or marriage within the third degree of consanguinity or any closely held corporations by unanimous vote of the shareholders may sue and be sued in the small claims division. (2) A corporation shall be represented in the proceedings by an officer of the corporation.
As noted above, I am prohibited from engaging in the private practice of law and consequently cannot offer advice on how this provision applies to the Sevier County Farmers' Cooperative. I suggest that officials of the Cooperative consult with private counsel to determine the Administrative Order's applicability to the Co-op.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh